UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:07CV00101 RWS |
| | ) |
| TOM NEER, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before me on Defendants Tom Neer, Debbie Sloan and St. Charles County, Missouri's Motion to Dismiss [#9].

In his complaint, Plaintiff John Doe seeks a declaratory judgment finding Defendants' actions in enforcing and attempting to enforce the affirmative registration requirements of Megan's Law as to Plaintiff violate Plaintiff's right to due process under the Fourteenth Amendment and violate Missouri Constitution, Article I, Section 13. Defendants are St. Charles County, Missouri, Tom Neer, the Sheriff of St. Charles County, and Debbie Sloan, an employee of St. Charles County. Defendants argue that Plaintiffs' claims are moot because Defendants do not believe that Plaintiff resides in St. Charles County and therefore is not subject to registration requirements in St. Charles County.

*Legal Standard*

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the factual allegations of a complaint are assumed true and are construed in favor of the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326 (1989). To avoid dismissal for failure to state a claim, the

complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although the specific facts are not necessary, the plaintiff must allege facts sufficient to give fair notice of what the claim is and the grounds upon which it rests. Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).

*Analysis*

In his verified complaint, Plaintiff states that he is a resident of St. Charles County. I must accept this allegation to be true for the purposes of considering Defendants' motion to dismiss. Neitzke, 490 U.S. at 326. Given that Plaintiff is a resident of St. Charles County, the enforcement of the affirmative registration and notification requirements of Megan's Law against him by Defendants represents a "real or immediate threat that plaintiff will be wronged again." City of Los Angeles v. Lyons, 461 U.S. 95 (1983) (holding that " A claim for equitable relief is moot "absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again.") I will therefore deny Defendants' motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Tom Neer, Debbie Sloan and St. Charles County, Missouri's Motion to Dismiss [#9] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 14th day of September, 2007.