UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV00101 RWS |
| ) | |
| TOM NEER, et al., ) | |
| ) | |
| Defendants. ) | |

### **MEMORANDUM AND ORDER**

This matter is before me on Plaintiff John Doe's Motion for Reconsideration of Order Denying Plaintiff's Amended Motion for Preliminary Injunction [#41].

In his complaint, Plaintiff John Doe seeks a declaratory judgment finding Defendants' actions in enforcing and attempting to enforce the affirmative registration requirements of Megan's Law as to Plaintiff violate Plaintiff's right to due process under the Fourteenth Amendment and violate Missouri Constitution, Article I, Section 13. Defendants are St. Charles County, Missouri, Tom Neer, the Sheriff of St. Charles County, and Debbie Sloan, an employee of St. Charles County.

On April 26, 2007, I denied Doe's Motion for a Preliminary Injunction on the record. In his Motion for Reconsideration, Doe submits that Mo. Rev. Stat. § 589.400.1(5), which requires affirmative registration by a person who "has been or is required to register in another state," is retrospective as to Doe because it was enacted after Doe moved to Missouri.

I will deny Doe's Motion for Reconsideration because I find Mo. Rev. Stat. § 589.400.1(5) is not retrospective in its application to Doe.

*Legal Standard*

Federal Rule of Civil Procedure 59(e) was adopted "to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment." Innovative Home Health Care, Inc. v. P.T. - O.T. Associates of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotations and citations omitted). Rule 59(e) motions serve a limited function of correcting manifest errors of law or fact or to present newly discovered evidence. Id. Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. Id.

*Analysis*

Doe argues that Mo. Rev. Stat. § 589.400.1(5), which requires affirmative registration by a person who "has been or is required to register in another state," is retrospective as to Doe because it was enacted after Doe moved to Missouri. Mo. Rev. Stat. § 589.400.1(5) requires that: Any person who is a resident of [Missouri] who has, since July 1, 1979, or is hereafter convicted of, been found guilty of, or pled guilty to or nolo contendere in any other state, foreign country, or under federal or military jurisdiction to committing, or attempting to commit, an offense which, if committed in this state, would be a violation of chapter 566, RSMo, or a felony violation of any offense listed in subdivision (2) of this subsection or has been or is required to register in another state or has been or is required to register under federal or military law" to comply for life with the affirmative registration requirements of Missouri's Megan's Law, Mo. Rev. Stat. §§ 589.400-589.425.

The Missouri Constitution provides, "that no ... law ... retrospective in its operation ... can be enacted." Mo. Const. art I, § 13. Doe argues that Mo. Rev. Stat. § 589.400.1(5), which requires affirmative registration by a person who "has been or is required to

register in another state," is retrospective as to Doe because it was enacted after Doe moved to Missouri. Mo. Rev. Stat. § 589.400.1(5) was enacted in May of 2000 and went into effect on August 28, 2000. See Senate Bill 602 (2000) and 2000 legislative calendar.

Doe claims he moved to Missouri in late 1999 or early 2000. However, in a letter directed to the Clerk of this Court, dated February 20, 2005 and docketed on February 28, 2005[1], Doe asked the Clerk to enter his correct permanent address as Clarkson, Tennessee. Mo. Rev. Stat. § 589.400.1 uses the term "resident" and applies once a person is a resident of Missouri. The term "resident" should be interpreted analogous to "domicile." See State ex rel. King v. Walsh, 484 S.W.2d 641, 644 (Mo. banc 1972) ("The words 'residence' and 'domicile' may be used interchangeably . . . ."); Lewis v. Lewis, 930 S.W.2d 475, 477 (Mo. Ct. App. 1996) (interpreting "resident" as equivalent to "domicile"). Domicile or "legal residence" affords the proper standard as it is commonly applied to the vesting or divesting of the rights and obligations an individual gains from and owes a certain state.

Domicile has been defined as: "A residence at a particular place accompanied with positive or presumptive proof of an intention to remain there for an unlimited time . . . [The] term domicile, in its ordinary acceptation, is meant the place where a person lives and has his home . . . . The place where a person lives is taken to be his domicile until facts adduced establish the contrary." Mitchell v. United States, 88 U.S. 350, 352 (U.S. 1874). "To constitute the new domicile two things are indispensable: First, residence in the new locality; and, second, the intention to remain there." Id. "The question of intent is to be gathered largely from the acts and utterances of the person whose domicile is under question . . . and the declarations of the person made before, at, and after the time the domicile is in dispute may be considered." In re Toler's

---

[1]Case 4:03-cr-00310-RWS, Doc. #34.

Estate, 325 S.W.2d 755, 760 (Mo. 1959). Doe's February 20, 2005 letter evidences both a new locality and his intent to remain there. Doe states that his "correct permanent address" is located in Clarkson, Tennessee. Therefore, when Doe moved back to Missouri at some point after February 2005, Mo. Rev. Stat. § 589.400.1(5) was already in effect and was no longer retrospective in its application to Doe.

I will deny Doe's Motion for Reconsideration because I find Mo. Rev. Stat. § 589.400.1(5) is not retrospective in its application to Doe.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff John Doe's Motion for Reconsideration of Order Denying Plaintiff's Amended Motion for Preliminary Injunction [#41] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 5th day of February, 2008.