UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:07CV00101 RWS |
| | ) |
| TOM NEER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before me on Defendant James Keathley's Motion to Dismiss for failure to state a claim [#36] pursuant to Federal Rules of Civil Procedure Rule 12(b)(6).

In his complaint, Plaintiff John Doe asserts that he was convicted of sexual assault in New Jersey for conduct that occurred in 1978. Doe argues that he cannot be required to register in his current home state of Missouri under Missouri's Sex Offender Registration Act ("SORA"; also known as "Megan's Law"), 589.400 to 589.425, RSMo, due to the Missouri Supreme Court's opinion in Doe v. Phillips, 194 S.W.3d 833 (Mo. banc 2006). In Doe, the Court upheld SORA in all but one of the numerous constitutional challenges raised. The Court concluded that application of SORA "as to, *and only as to*, those persons who were convicted or pled guilty prior to the law's January 1, 1995, effective date," would constitute a violation of the Missouri Constitution's prohibition on retrospective laws. Id. at 852-53. Doe argues that the Doe decision relieves him from the obligation to register as a sex offender because it applies to those with consistent residency in Missouri as well as those who moved to Missouri after their out-of-state offense. He requests a declaration that application of SORA to him violates the United States and Missouri Constitutions. Doe also seeks injunctive relief barring Defendants from requiring

him to register under SORA and directing Defendants to cease publicly disseminating information that was obtained from him when he registered before the Doe decision.

Defendant James Keathley is the superintendent of the Missouri Highway Patrol and is being sued in his official capacity. Keathley argues that Doe is not relieved by the Doe decision from his obligation to register as a sex offender in Missouri because his offense occurred in another state and, by moving to Missouri, he has voluntarily submitted himself to the laws of this state. The Court in Doe reasoned that the prohibition on retrospective laws barred application of SORA's registration requirements to sex offenders convicted before January 1, 1995, because requiring registration by such offenders constitutes "a new obligation and imposes a new duty to register . . . ." Id. at 852. But the Court did not consider in its opinion whether its reasoning and decision would apply to out-of-state sex offenses committed by an offender before the effective date of SORA's registration requirement, but who moved to Missouri after SORA's registration requirement was in effect. The Missouri Supreme Court opinion interprets the registration requirement of § 589.400.1(1), but *not* the registration requirement of out-of-state offenders set out in § 589.400.1(5).

I will grant Keathley's Motion to Dismiss because I find Mo. Rev. Stat. § 589.400.1(5) is not retrospective in its application to Doe because Doe has voluntarily submitted himself to the laws of Missouri by relocating to Missouri after SORA's effective date of January 1, 1995.

**Legal Standard**

Federal Rules of Civil Procedure Rule 12(b) states:

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the

> option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted . . .

Fed. R. Civ. P. 12(b).

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the factual allegations of a complaint are assumed true and are construed in favor of the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326 (1989). To avoid dismissal for failure to state a claim, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). Although the specific facts are not necessary, the plaintiff must allege facts sufficient to give fair notice of what the claim is and the grounds upon which it rests. Id.

*Analysis*

**Count I**

In Count I of his Complaint, Doe claims that the application of SORA to Doe violates his due process rights under the Fourteenth Amendment to the Constitution of the United States.

The Missouri Supreme Court has upheld SORA from all constitutional challenges but one. Doe, 194 S.W.3d 833. The Court did conclude that application of SORA as to persons who were convicted or pled guilty to sex offenses prior to January 1, 1995, SORA's effective date, would constitute a violation of the Missouri Constitution's prohibition on retrospective laws contained in art. I, § 13. Doe, 194 S.W.3d at 852-53. The Court reasoned that the prohibition on retrospective laws barred application of SORA's registration requirements to sex offenders convicted before January 1, 1995, because requiring registration by such offenders constitutes "a new obligation and imposes a new duty to register . . . ." Id. at 852. But the Court did *not* consider in its opinion whether its reasoning and decision would apply to out-of-state sex

offenses. The opinion interprets the registration requirement of § 589.400.1(1), but not the registration requirement of out-of-state offenders set out in § 589.400.1(5). The Missouri Supreme Court has not otherwise addressed § 589.400.1(5).

Mo. Rev. Stat. § 589.400.1(5) requires that: Any person who is a resident of [Missouri] who has, since July 1, 1979, or is hereafter convicted of, been found guilty of, or pled guilty to or nolo contendere in any other state, foreign country, or under federal or military jurisdiction to committing, or attempting to commit, an offense which, if committed in this state, would be a violation of chapter 566, RSMo, or a felony violation of any offense listed in subdivision (2) of this subsection or has been or is required to register in another state or has been or is required to register under federal or military law" to comply for life with the affirmative registration requirements of Missouri's Megan's Law, Mo. Rev. Stat. §§ 589.400-589.425.

A person moving into Missouri after Mo. Rev. Stat. § 589.400.1(5) was enacted, who had committed an offense elsewhere that would be a registratable offense had it occurred in Missouri, would, as a result, be aware that the effect of the out-of-state offense is that registration will be required after the move to Missouri, regardless of the date of that out-of-state offense. By moving to Missouri, such offenders are voluntarily submitting themselves to the operation of SORA. Unlike the pre-1995 Missouri offenders considered by the Missouri Supreme Court in Doe, persons with out-of-state offenses have the ability to exercise a choice. They can move to Missouri and register ro they can avoid registration by not moving to Missouri. Therefore, the issue turns on whether Doe moved to Missouri before or after the enactment of Mo. Rev. Stat. § 589.400.1(5) on August 28, 2000. See Senate Bill 602 (2000) and 2000 legislative calendar.

Doe claims he moved to Missouri in late 1999 or early 2000. If Doe moved here in 1999 or early 2000, then the Missouri Supreme Court decision in Doe would preclude a registration

4

requirement. However, in a letter directed to the Clerk of this Court, dated February 20, 2005 and docketed on February 28, 2005[1], Doe asked the Clerk to enter his correct permanent address as Clarkson, Tennessee. The statute at issue here, Mo. Rev. Stat. § 589.400.1, uses the term "resident" and applies once a person is a resident of Missouri. The term "resident" should be interpreted analogous to "domicile." See State ex rel. King v. Walsh, 484 S.W.2d 641, 644 (Mo. banc 1972) ("The words 'residence' and 'domicile' may be used interchangeably . . . ."); Lewis v. Lewis, 930 S.W.2d 475, 477 (Mo. Ct. App. 1996) (interpreting "resident" as equivalent to "domicile"). Domicile or "legal residence" affords the proper standard as it is commonly applied to the vesting or divesting of the rights and obligations an individual gains from and owes a certain state.

Domicile has been defined as: "A residence at a particular place accompanied with positive or presumptive proof of an intention to remain there for an unlimited time . . . [The] term domicile, in its ordinary acceptation, is meant the place where a person lives and has his home . . . The place where a person lives is taken to be his domicile until facts adduced establish the contrary." Mitchell v. United States, 88 U.S. 350, 352 (U.S. 1874). "To constitute the new domicile two things are indispensable: First, residence in the new locality; and, second, the intention to remain there." Id. "The question of intent is to be gathered largely from the acts and utterances of the person whose domicile is under question . . . and the declarations of the person made before, at, and after the time the domicile is in dispute may be considered." In re Toler's Estate, 325 S.W.2d 755, 760 (Mo. 1959). Doe's February 20, 2005 letter evidences both a new locality and his intent to remain there. Doe states that his "correct permanent address" is located in Clarkson, Tennessee. When Doe moved back to Missouri at some point after February 2005,

---

[1]Case 4:03-cr-00310-RWS, Doc. #34.

Mo. Rev. Stat. § 589.400.1(5) was already in effect and was no longer retrospective in its application to Doe. Therefore, application of Mo. Rev. Stat. § 589.400.1(5) to Doe does not violate the Missouri Constitution and is consistent with the Doe opinion.

Doe also argues that SORA violates his Fourteenth Amendment right to travel by depriving a newly arrived citizen the privileges and immunities enjoyed by other residents of Missouri. The right to travel is a fundamental right protected by the Constitution. Shapiro v. Thompson, 394 U.S. 618 (1969). While not expressly mentioned in the Constitution, it is derived from the Privileges and Immunities Clause of the Fourteenth Amendment and the Due Process Clause of the Fifth Amendment. Id. at 631. The right to travel protects a person's: 1) right to enter and leave another state; 2) right to be treated fairly when temporarily present in another state; and 3) right to be treated the same as other citizens of that state when moving there permanently. See Saenz v. Roe, 526 U.S. 489, 499 (1990). Mere burdens on a person's ability to travel from state to state, however, are not necessarily a violation of that person's constitutional right to travel. Id.

Whenever a state law infringes a constitutionally protected right, such as the right to travel, the Courts undertake intensified equal protection scrutiny of that law. Attorney Gen. of New York v. Soto-Lopez, 476 U.S. 898, 904-905 (U.S. 1986) (citing Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 440 (1985); Martinez v. Bynum, 461 U.S. 321, 328, n. 7 (1983); Plyler v. Doe, 457 U.S. 202, 216-217, and n. 15 (1982); Memorial Hospital v. Maricopa County, 415 U.S. 250, 258, 262 (1974); San Antonio Independent School District v. Rodriguez, 411 U.S. 1, 16, and n. 39, 30-32, 40 (1973); Police Dept. of Chicago v. Mosley, 408 U.S. 92, 101 (1972); Dunn v. Blumenstein, 405 U.S. 330, 335, 342 (1972)). The issue is whether the distinction drawn by the State between older and newer residents burdens the right to migrate.

Where such a burden is found, the State is required to come forward with a compelling justification. Id. In other cases, where the contested classifications did not survive even rational-basis scrutiny, there was no occasion to inquire whether enhanced scrutiny was appropriate. Id. The analysis in all of these cases, however, is informed by the same guiding principle -- the right to migrate protects residents of a State from being disadvantaged, or from being treated differently, simply because of the timing of their migration, from other similarly situated residents. Id.

Doe contends that SORA violates his right to travel because Missouri citizens who were convicted of reportable offenses before January 1, 1995 *and* resided in Missouri prior to January 1, 1995 would not have SORA retrospectively applied to them. However, offenders like Doe, who were convicted of reportable offenses before January 1, 1995 but moved to Missouri *after* January 1, 1995, would have to register under SORA. As a result, he argues that he is unconstitutionally disadvantaged as compared to offenders who already resided in another state to which he might wish to relocate, in this case, Missouri.

Defendant Keathley rebuts this contention by noting that the two factors that require Doe to register are residentially neutral. Keathley argues that any other Missouri resident, regardless of the length of his or her residency in Missouri, would be treated the same as Doe if he or she were required to register as a sex offender by the law of other states. Additionally, the other factor that requires Doe to register for his out-of-state conviction, commission of an offense in another state that would be a felony offense under Chapter 566, is residentially neutral as well. A Missouri resident who traveled to another state before 1995 and committed such an offense, and then returned to Missouri, would be required to register in Missouri just as Doe has been required to register.

Even if there is some interference with Doe's right to travel, that burden is not sufficient to overcome Missouri's interest in requiring registration by Missouri residents with out-of-state offenses occurring before 1995. The state has a compelling interest in preventing future sexual offenses and alerting local enforcement and citizens to the whereabouts of those that could reoffend. Doe v. Moore, 410 F.3d 1337, 1348-49 (11th Cir. 2005). In furtherance of this interest, Missouri also has a compelling interest in not becoming a haven for sex offenders from other states. Out-of-state sex offenders could legally subvert the purpose of sex offender registration laws in existence in other states if they are permitted to avoid registration by moving to Missouri. See id. at 1349.

Missouri enacted SORA in order to protect children from violence at the hands of sex offenders. J.S. v. Beaird, 28 S.W.3d 875, 876 (Mo. 2000). As a result, Missouri has a compelling interest in providing these registration requirements to enable law enforcement to prevent future sexual offenses. That compelling interest is sufficient to override the burden placed on sex offenders who must register under SORA. United States v. Pitts, 2007 U.S. Dist. LEXIS 82632 (D. La. 2007).

I will dismiss Doe's Count I of Doe's Complaint.

**Count II**

In Count II of his Complaint, Doe claims that Defendants' actions violate his substantive due process rights under the Fourteenth Amendment to the Constitution of the United States because Defendants' actions constitute state action, intentionally taken in direct violation of state law, that shocks the conscious or offends judicial notions of fairness. Because I found that Defendants' actions were not in violation of state law, I will dismiss this claim.

In addition, Doe claims that Defendants' actions violate his Fourteenth Amendment right to procedural due process because they deprive him of a protectable liberty interest without providing any adequate processes to challenge the deprivation. Based on his motion for a preliminary injunction, Doe's claim appears to be that the requirement that he register imposes substantial obligations and a severe stigma on him without first providing an adequate hearing. This procedural due process argument, however, has already been rejected by the United States Supreme Court in Connecticut Dept. of Pub. Safety v. Doe, 123 S. Ct. 1160, 1164-65 (2003). The Court in that case first raised the question of whether registrants under a sex offender registration law are deprived of a liberty interest by the registration requirement, but then determined it did not need to reach that question. Id. at 1164 (citing Paul v. Davis, 96 S. Ct. 1155 (1976), for the rule that "mere injury to reputation, even if defamatory, does not constitute the deprivation of a liberty interest"). Rather, the Court ruled that due process does not entitle anyone to a hearing to establish a fact that is not relevant to the statute that is allegedly depriving that person of a liberty interest. Connecticut Dept. of Pub. Safety, 123 S. Ct. at 1164-65. The Court determined that the registrants were unable to show that the facts they sought to establish by way of a hearing were relevant to the statutory scheme and, thus, concluded that due process did not mandate that the registrants have the hearing they desired. Id. at 1165. Likewise, Doe shows no fact he could prove at a hearing that would be relevant to the requirement of Missouri's SORA that he register. I will dismiss Doe's procedural due process claim.

I will dismiss Count II of Doe's Complaint.

**Count III**

In Count III of his Complaint, Doe alleges violations of the Missouri Constitution. Because I am dismissing Doe's federal claims, the basis for federal jurisdiction over the state

claim in Count III of Doe's complaint is weakened. The issue raised in Count III is one of state constitutional interpretation not previously addressed by Missouri state courts. Therefore, I am reluctant to retain jurisdiction over this claim.

However, Count III, like Count I, argues that SORA is unconstitutional because it has been applied retrospectively to Doe. As I discussed above, Doe relocated to Missouri at some point after February 2005. When Doe relocated to Missouri Mo. Rev. Stat. § 589.400.1(5) was already in effect and was no longer retrospective in its application to Doe. Therefore, application of Mo. Rev. Stat. § 589.400.1(5) to Doe does not violate the Missouri Constitution and is consistent with the <u>Doe</u> opinion.

I will dismiss Count III of Doe's Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant James Keathley's Motion to Dismiss for failure to state a claim [#36] is **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 5th day of February, 2008.