UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| Plaintiff | ) ) ) |
| vs. | ) ) Case No. 4:07CV00101 RWS |
| TOM NEER, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff John Doe was convicted of sexual assault in New Jersey in 1981. Defendants James Keathley, Tom Neer, Debbie Sloan, Jack Banas, and St. Charles County, Missouri assert that Doe must register as a sex offender under Missouri's Sex Offender Registration Act. Doe requests a declaration that applying the Sex Offender Registration Act to him violates the United States and Missouri Constitutions. He also seeks injunctive relief barring Defendants from requiring him to register as a sex offender and directing Defendants to cease publicly disseminating information that was obtained from him when he previously registered.

Doe has moved for leave to amend his complaint to clarify the factual allegations that form the basis for his legal claims for relief under the federal and Missouri constitutions. Doe also seeks leave to join additional plaintiffs, John Doe 2 and John Doe 3. Although Doe moves for leave amend his complaint to add plaintiffs under Rule 15(a), I will treat his filing as a motion for permissive joinder under Rule 20(a).

I will deny Doe's motion to join additional plaintiffs because each movant's claims should be analyzed individually in light of the specific facts surrounding their convictions.

However, because leave to amend shall be freely given, Doe may file a separate motion seeking leave to amend his complaint as it relates to John Doe only.

*Background*

Doe was convicted of sexual assault in New Jersey on December 11, 1981.  John Doe 2 was convicted of indecent liberties with a minor in Kansas on or about July 14, 1997.  John Doe 3 was convicted of lewd conduct with a child in California on July 29, 1974.

In 1994, the Missouri legislature enacted Missouri's Sex Offender Registration Act ("SORA"), Mo. Rev. Stat. §§ 589.400 to 589.425, which imposed registration and notification requirements on persons who committed certain sex offenses.  Doe v. Phillips, 194 S.W.3d 833, 839 (Mo. 2006).  SORA first became effective on January 1, 1995.  Since then, SORA has been amended several times.

In 2002, the legislature adopted the current version of Mo. Rev. Stat. § 589.400.1 subsection (5) which reads:

> Any person who is a resident of this state who has, since July 1, 1979, or is hereafter convicted of, been found guilty of, or pled guilty to or nolo contendere in any other state, foreign country, or under federal or military jurisdiction to committing, or attempting to commit, an offense which, if committed in this state, would be a violation of chapter 566, RSMo, or a felony violation of any offense listed in subdivision (2) of this subsection or has been or is required to register in another state or has been or is required to register under federal or military law.

John Doe, John Doe 2 and John Doe 3 claim Missouri requires each of them to register as a sex offender under subsection (5).

The Missouri Supreme Court recently invalidated SORA, as applied  "to, *and only as to*, those persons who were convicted or pled guilty prior to the law's January 1, 1995, effective

date." Doe, 194 S.W.3d 833 at 852. The opinion interprets the registration requirement of the portions of § 589.400.1 that became effective in 1995, but not the registration requirement for out-of-state sex offenses set out in § 589.400.1(5), which first became effective in 1997.[1] In Doe, the court reasoned that application of the registration requirement to sex offenders convicted before the law's effective date would constitute a violation of the Missouri Constitution's prohibition on retrospective laws. Id. at 852–53.

Doe, John Doe 2 and John Doe 3 claim that Missouri's enforcement of SORA against them violates the privileges and immunities and due process clauses of the Fourteenth Amendment to the United States Constitution and Article I, § 13 of the Missouri constitution. They claim that John Doe 2 and John Doe 3 should be joined to Doe's suit to preserve judicial resources.

*Discussion*

Rule 20(a) of the Federal Rules of Civil Procedure provides that "[p]ersons may join in one action as plaintiffs if (A) they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a). The decision to permit joinder of parties is a matter for the discretion of the district court. Mosley v. General Motors Corp., 497 F.2d 1330, 1332 (8th Cir. 1974). Although joinder of claims and parties is strongly encouraged to promote trial convenience and lessen delay, permissive joinder is not appropriate in all cases. Id. at 1332–33

---

[1] At the time the out-of-state sex offender requirement was first enacted in 1997, it was codified at Mo. Rev. Stat. § 589.400.1(4)(1994 & Supp. 1997).

(8th Cir. 1974).

Subsection (5) of Mo. Rev. Stat. § 589.400.1 applies to three classes of individuals. It applies to Missouri residents who were convicted of a sex offense in another state after July 1, 1979 which, if committed in Missouri would require registration as a sex offender. It also applies to individuals who have been or are required to register as sex offenders in another state. Mo. Rev. Stat. § 589.400.1(5). Finally, subsection (5) applies to individuals required to register as sex offenders under federal or military law. Id.

Doe alleges he was convicted of a sex offense in 1981 in New Jersey. Subsection (5) would require him to register as a sex offender for having been convicted of a sex offense in another state after July 1, 1979. Subsection (5) would also require him to register for having been required to register as a sex offender in another state. Doe claims the Supreme Court of Missouri's decision in Doe, "unequivocally invalidated the registration requirements of [SORA] as applied to persons convicted prior to January 1, 1995." Doe also claims that because he was convicted before the enactment of subsection (5), Missouri cannot require him to register as a sex offender. He also claims that Missouri is treating him differently than long-term residents who were convicted before SORA's initial effective date of January 1, 1995.

John Doe 2 alleges he was convicted of a sex offense in Kansas in 1997. Subsection (5) would require him to register as a sex offender for having been convicted of a sex offense in another state after July 1, 1979. Subsection (5) would also require him to register for having been required to register as a sex offender in another state. John Doe 2 claims that because the provision in subsection (5) that requires him to register was not enacted until August 2000, subsection (5) cannot be applied to him. Unlike Doe, John Doe 2 was convicted after the initial

effective date of SORA in 1995.

John Doe 3 alleges he was convicted of a sex offense in California in 1974. Subsection (5) would require John Doe to register for having been required to register as a sex offender in another state. Unlike Doe, subsection (5) would not require John Doe 3 to register as a sex offender for having been convicted of a sex offense in another state after July 1, 1979.

Because Doe, John Doe 2 and John Doe 3 present distinct factual and legal issues which should be given individual attention and separately analyzed I will deny Doe's motion to join John Doe 2 and John Doe 3 as plaintiffs. Doe may file a separate motion seeking leave to amend his complaint under Rule 15(a) as it relates to Doe only within twenty (20) days.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File his Second Amended Complaint [#82] is **DENIED**.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 17th day of November, 2008.