UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV101RWS |
| | ) | |
| TOM NEER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff John Doe was convicted of sexual assault in New Jersey in 1981. Doe filed this suit against Defendants Tom Neer, Debbie Sloan, Jack Banas, St. Charles County, Missouri and James Keathley, the superintendent of the Missouri Highway Patrol, because they assert that Doe must register as a sex offender under Missouri's Sex Offender Registration Act ("SORA"). Doe requests a declaration that applying SORA to him violates the United States and Missouri Constitutions. He also seeks injunctive relief barring Defendants from requiring him to register as a sex offender and directing Defendants to cease publicly disseminating information that was obtained from him when he previously registered.

On December 29, 2008, Defendant Keathley moved to dismiss Doe's claims. In the alternative, Keathley moved the Court to abstain from considering Doe's case to allow the Missouri appellate courts to resolve the issue of whether the application of SORA to Doe violates the Missouri Constitution. Doe objects to abstention and instead moves this Court to certify the question to the Missouri Supreme Court. Defendants have not responded.[1]

---

[1] Local Rule 4.01(B) requires that "[e]xcept with respect to a motion for summary judgment under Fed. R. Civ. P. 56, each party opposing a motion shall file, within five (5) days after being served with the motion, a memorandum containing any relevant argument and

Because the Missouri Supreme Court has definitively stated that it lacks jurisdiction under the Missouri Constitution to answer certified questions, I will deny Doe's motion.

*Background*

In 1994, the Missouri legislature enacted Missouri's Sex Offender Registration Act ("SORA"), Mo. Rev. Stat. §§ 589.400 to 589.425, which imposed registration and notification requirements on persons who committed certain sex offenses. Doe v. Phillips, 194 S.W.3d 833, 839 (Mo. 2006). SORA first became effective on January 1, 1995. Since then, SORA has been amended several times.

Prior to August 28, 2000, subsection (5) of Mo. Rev. Stat. § 589.400.1 required felons to register if they had been convicted of an offense which, if committed in Missouri, would also require registration. Mo. Rev. Stat. § 589.400.1(5) (1994 & Supp. 1998) (repealed 2000).[2] On August 28, 2000, the legislature substituted a different requirement that persons who had previously been required to register in another state or under federal law must register in Missouri. § 589.400.1(5) (2000) (amended 2002).[3] In 2002, the legislature reenacted the 1998

---

citations to authorities on which the party relies." More than two weeks have passed without a response from Defendants.

[2] Until August 28, 2000, Mo. Rev. Stat. § 589.400.1(5) read:
> Any person who is a resident of this state who has, since July 1, 1979, or is hereafter convicted of, been found guilty of, or pled guilty to or nolo contendere in any other state, foreign country, or under federal or military jurisdiction to committing, or attempting to commit, an offense which, if committed in this state, would be a felony violation of chapter 566, RSMo, or a felony violation of any offense listed in subdivision (2) of this subsection.

[3] As of August 28, 2000, Mo. Rev. Stat. § 589.400.1(5) applied to "[a]ny person who is a resident of this state and has been or is required to register in another state or has been or is required to register under federal or military law."

provision and added it to the 2000 subsection (5) requirement, which is the current version of subsection § 589.400.1(5).[4]

The Missouri Supreme Court recently invalidated SORA, as applied "to, *and only as to*, those persons who were convicted or pled guilty prior to the law's January 1, 1995, effective date." Doe, 194 S.W.3d at 852. The opinion interprets the registration requirement of the portions of § 589.400.1 that became effective in 1995, but not the registration requirement for out-of-state sex offenses set out in § 589.400.1(5), which first became effective in 1997.[5] In Doe, the court reasoned that application of the registration requirement to sex offenders convicted before the law's effective date would constitute a violation of the Missouri Constitution's prohibition on retrospective laws. Id. at 852–53.

Doe was convicted of sexual assault in New Jersey in 1981. He argues that the Doe decision should be followed to invalidate any retrospective application of subsection (5) to him, and as a consequence, from the obligation to register as a sex offender. He also argues it violates

---

[4] Mo. Rev. Stat. § 589.400.1(5) reads:
> Any person who is a resident of this state who has, since July 1, 1979, or is hereafter convicted of, been found guilty of, or pled guilty to or nolo contendere in any other state, foreign country, or under federal or military jurisdiction to committing, or attempting to commit, an offense which, if committed in this state, would be a violation of chapter 566, RSMo, or a felony violation of any offense listed in subdivision (2) of this subsection or has been or is required to register in another state or has been or is required to register under federal or military law.

[5] At the time the out-of-state sex offender requirement was first enacted in 1997, it was codified at Mo. Rev. Stat. § 589.400.1(4)(1994 & Supp. 1997).

his due process rights and right to travel under the Fourteenth Amendment to the Constitution of the United States.

*Discussion*

On December 29, 2008, Defendant Keathley moved to dismiss Doe's claims. In the alternative, Keathley moved the Court to abstain from considering Doe's case to allow the Missouri appellate courts to resolve the issue of whether the application of SORA to Doe violates the Missouri Constitution under the Pullman doctrine. See Railroad Comm'n of Tex. v. Pullman Co., 312 U.S. 496, 499 (1941). Doe objects to abstention and instead moves this Court to certify the question to the Missouri Supreme Court.

Under the Pullman abstention doctrine, federal courts may decline to exercise jurisdiction "[w]here resolution of the federal constitutional question is dependent upon, or may be materially altered by, the determination of an uncertain issue of state law." Beavers v. Arkansas State Bd. of Dental Examiners, 151 F.3d 838, 841 (8th Cir. 1998). The "Pullman mechanism remit[s] parties to the state courts for adjudication of the unsettled state-law issues. If settlement of the state-law question [does] not prove dispositive of the case, the parties [can] return to the federal court for decision of the federal issues." Arizonans for Official English v. Arizona, 520 U.S. 43, 76 (1997).

Another procedure, certification, "allows a federal court faced with a novel-state law question to put the question directly to the State's highest court." Id. Because certification "reduce[s] the delay, cut[s] the cost, and increase[s] the assurance of gaining an authoritative response," it "today covers territory once dominated by" Pullman abstention. Id. at 75–76. For this reason, the Supreme Court endorses "certification of novel or unsettled questions of state law

for authoritative answers by a State's highest court," when state law permits certification. Id. at 75–80.[6]

The threshold issue, then, is whether Missouri law permits its highest court to consider questions certified to it. Missouri's statute provides,

> The Missouri supreme court may answer questions of Missouri law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States, a United States District Court or a United States Bankruptcy Court if there are involved in any proceeding before the certifying court questions of Missouri law which may be relevant to the cause then pending and as to which it appears to the certifying court there is no controlling precedent in this state.

Mo. Rev. Stat. § 477.004.1. In 1990, the Eighth Circuit certified a question of state law to the Supreme Court of Missouri pursuant to § 477.004. Zeman v. V.F. Factory Outlet, Inc., 911 F.2d 107, 108–09 (8th Cir. 1990). The Supreme Court of Missouri held that, notwithstanding § 477.004, the Missouri Constitution does "not expressly or by implication grant the Supreme Court of Missouri original jurisdiction to render opinions on questions of law certified by federal courts." Zeman v. V.F. Factory Outlet, Inc., No. 72613 (Mo. July 13, 1990).

Doe argues that the Supreme Court of Missouri erred in determining it lacked jurisdiction, the Zeman order was not intended to have effect as precedent, and that the persuasive authority developed in Missouri's sister states and the Supreme Court's recognition of the value of certification in Arizonans for Official English would cause the Supreme Court of

---

[6] Although the Supreme Court endorsed certification of novel state-law questions to the state's highest court in Arizonans for Official English, the Court did not recommend certification. 520 U.S. at 79–80. Instead, the Court remanded the case with instructions that the District Court dismiss it because the "very question" was before the Arizona Supreme Court in another case. Id. The Court observed that "[o]nce that court has spoken, adjudication of any remaining federal constitutional question may indeed become greatly simplified." Id. at 80.

Missouri to reconsider its determination that it lacks jurisdiction to answer certified questions. Doe also argues that "[t]he only way to determine whether the Missouri Supreme Court will answer a certified question is to ask it to do so." I agree with Doe that the only way to know if the Missouri Supreme Court has reconsidered its jurisdiction to answer certified questions is to ask, but I do not find convincing Doe's arguments that the Supreme Court of Missouri would reach a different conclusion regarding its jurisdiction than the one it reached in 1990.

Doe first argues that the Supreme Court of Missouri erred in interpreting its own constitution and that the court has the inherent power to answer certified questions without an express constitutional grant because they are "within the orbit" of the court. In this case, the Supreme Court of Missouri has clearly stated that it lacks jurisdiction under its own constitution to answer certified questions. This Court cannot make a determination that Missouri's highest court has misinterpreted its own constitution for the very same reasons that Doe seeks to have the question certified: federal court do not have special competence in state law and any decision what the law of the state is is merely a forecast rather than a determination.

Doe also argues that there is no indication that Zeman is intended to have precedential effect. The statute that purports to grant authority to the Supreme Court of Missouri to answer certified questions also states, "Nothing contained in this section shall require the Missouri supreme court to accept the certified case." Mo. Rev. Stat. § 477.004.4. If the Supreme Court of Missouri had merely wished decline to exercise its jurisdiction in Zeman only, it could have refused to accept the case under § 477.004.4. Instead, the court determined that it lacked constitutional jurisdiction allowing it to answer a certified question. Because the court could

have limited its decision to Zeman, but chose not to do so, I believe the Supreme Court of Missouri *did* intend for its order in Zeman to have precedential effect.

Finally, Doe argues that the Supreme Court's decision in Arizonans for Official English and developments in Missouri's sister states since 1990 would cause the Supreme Court of Missouri to reach a different decision concerning the scope of its jurisdiction. In Arizonans for Official English, the Supreme Court recognized the value of the certification process in states that permit its use. 520 U.S. at 76. Certification is only possible when permitted by the state, however. Therefore, the Supreme Court's recognition of certification as a useful tool does not alter the jurisdiction granted to the Supreme Court of Missouri by the Missouri constitution. Doe also argues that the Supreme Court of Missouri would reach a different conclusion "in light of the persuasive authority developed in its sister states since 1990." The only authority from a sister state that Doe cites is a 1961 decision from the Florida Supreme Court. See Sun Ins. Office, Ltd. v. Clay, 133 So.2d 735 (Fla. 1961). Doe has provided no authority from a sister state that has developed *since* 1990. As a result, Doe's arguments do not persuade me that the Supreme Court of Missouri would reach a different outcome on the issue of whether it has jurisdiction to answer certified questions.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff John Doe's motion to certify question of state law to the Missouri Supreme Court [#103] is **DENIED**.

Dated this 9th day of April, 2009.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE