**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV101RWS |
| | ) | |
| TOM NEER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff John Doe was convicted of sexual assault in New Jersey in 1981.

Defendants James Keathley, superintendent of the Missouri State Highway Patrol; St.

Charles County, Missouri; Tom Neer, Sheriff of St. Charles County, Missouri; Debbie

Sloan, employee and agent of the County of St. Charles, Missouri; and Jack Banas, the

Prosecuting Attorney for St. Charles County, Missouri assert that Doe must register as a

sex offender under Missouri's Sex Offender Registration Act.  Doe requests a declaration

that applying the Sex Offender Registration Act to him violates the United States and

Missouri Constitutions.  Doe also seeks injunctive relief barring Defendants from

requiring him to register as a sex offender.

Defendant Keathley has moved to dismiss for failure to state a claim under Rule

12(b)(6) of the Federal Rules of Civil Procedure.  Although Defendants  Neer, Sloan,

Banas, and St. Charles County, Missouri have not moved for dismissal, I will dismiss

Counts I and II as to all Defendants for failure to state a claim.  Because I am dismissing

Doe's federal claims and the issue raised in Count III is a matter of state constitutional interpretation, which remains unresolved in the Missouri courts, I decline to exercise supplemental jurisdiction over it and will dismiss it without prejudice so that the issue may be addressed in the state courts.

*Background*

In 1994, the Missouri legislature enacted Missouri's Sex Offender Registration Act ("SORA"), Mo. Rev. Stat. §§ 589.400 to 589.425, which imposed registration and notification requirements on persons who committed certain sex offenses. Doe v. Phillips, 194 S.W.3d 833, 839 (Mo. 2006). SORA first became effective on January 1, 1995. Since then, SORA has been amended several times.

Until August 28, 2000, subsection (5) of § 589.400.1 required felons to register if they had been convicted of an offense which, if committed in Missouri, would require registration under SORA. Mo. Rev. Stat. § 589.400.1(5) (1994 & Supp. 1998) (repealed 2000).[1] On August 28, 2000, the legislature substituted a different requirement that persons who had previously been required to register in another state or under federal law

_____

[1] Mo. Rev. Stat. § 589.400.1(5) then read:
> Any person who is a resident of this state who has, since July 1, 1979, or is hereafter convicted of, been found guilty of, or pled guilty to or nolo contendere in any other state, foreign country, or under federal or military jurisdiction to committing, or attempting to commit, an offense which, if committed in this state, would be a felony violation of chapter 566, RSMo, or a felony violation of any offense listed in subdivision (2) of this subsection.

must register in Missouri.  § 589.400.1(5) (2000) (amended 2002).[2]  In 2002, the

legislature reenacted the 1998 provision and added it to the 2000 subsection (5)

requirement.  § 589.400.1(5).[3]  The legislature again amended § 589.400 in 2008.  The

provision Doe challenges is now codified at § 589.400.1(7) which requires registration of

> [a]ny person who is a resident of this state who has, since July
> 1, 1979, or is hereafter convicted of, been found guilty of, or
> pled guilty to or nolo contendere in any other state, or foreign
> country, or under federal, tribal, or military jurisdiction to
> committing, attempting to commit, or conspiring to commit an
> offense which, if committed in this state, would be a violation
> of chapter 566, RSMo, or a felony violation of any offense
> listed in subdivision (2) of this subsection or has been or is
> required to register in
> another state or has been or is required to register under tribal,
> federal, or military law.

In 2006, the Missouri Supreme Court invalidated SORA, as applied  "to, *and only*

*as to*, those persons who were convicted or pled guilty prior to the law's January 1, 1995,

effective date."  Doe, 194 S.W.3d at 852.  The opinion interpreted the registration

---

[2] As of August 28, 2000, Mo. Rev. Stat. § 589.400.1(5) applied to "[a]ny person who is a resident of this state and has been or is required to register in another state or has been or is required to register under federal or military law."

[3] Mo. Rev. Stat. § 589.400.1(5) read:
> Any person who is a resident of this state who has, since July 1, 1979,
> or is hereafter convicted of, been found guilty of, or pled guilty to or
> nolo contendere in any other state, foreign country, or under federal
> or military jurisdiction to committing, or attempting to commit, an
> offense which, if committed in this state, would be a violation of
> chapter 566, RSMo, or a felony violation of any offense listed in
> subdivision (2) of this subsection or has been or is required to register
> in another state or has been or is required to register under federal or
> military law.

requirement of the portions of § 589.400.1 that became effective in 1995, but not the registration requirement for out-of-state sex offenses set out in § 589.400.1(7), which first became effective in 1997.[4] In <u>Doe</u>, the court reasoned that application of the registration requirement to sex offenders convicted before the law's effective date would constitute a violation of the Missouri Constitution's prohibition on retrospective laws. <u>Id.</u> at 852–53.

The Supreme Court of Missouri recently ruled that citizens who are subject to the independent federal registration requirements of the Sexual Offenders Registration and Notification Act, 42 U.S.C. § 16901 <u>et seq.</u>, are not exempt from registration by virtue of Missouri's constitutional ban on retrospective laws. <u>Doe v. Keathley</u>, No. SC 89727 (Mo. June 16, 2009). That opinion is currently unpublished and subject to revision or withdrawal. In a separate motion for summary judgment, Doe argues that he does not fall into the class with an independent federal registration requirement while Defendants argue that he does.

*Legal Standard*

In ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. Fed. R. Civ. P. 12(b)(6); <u>Erickson v. Pardus</u>, 127 S.Ct. 2197, 2200 (2007). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955,

---

[4] At the time the out-of-state sex offender requirement was first enacted in 1997, it was codified at Mo. Rev. Stat. § 589.400.1(4)(1994 & Supp. 1997). It was later codified at § 589.400.1(5) and is currently codified at § 589.400.1(7) as described above.

1974 (2007).  The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal

sufficiency of the complaint.  To avoid dismissal for failure to state a claim, the

complaint must contain "a short and plain statement of the claim showing that the pleader

is entitled to relief."  Erickson, 127 S. Ct. at 2200.  Although the specific facts are not

necessary, the plaintiff must allege facts sufficient to give fair notice of what the claim is

and the grounds upon which it rests.  Id.

*Discussion*

*Right to Travel*

In Count I of his Complaint, Doe claims that SORA violates his right to travel

under the Privileges and Immunities Clause of the Fourteenth Amendment to the

Constitution of the United States by depriving a newly arrived citizen of the privileges

and immunities enjoyed by other residents of Missouri.

The "right to travel" encompasses at least three different components.  Saenz v.

Roe, 526 U.S. 489, 500 (1999).  It protects a person's right: 1) to enter and leave another

state; 2) to be treated fairly when temporarily present in another state; and 3) to be treated

the same as other citizens of that state when moving there permanently.  Id.  Doe invokes

the third component of the right to travel.       When a state law infringes a

constitutionally protected right, such as the right to travel, a court must undertake

intensified scrutiny of that law.  Attorney Gen. of New York v. Soto-Lopez, 476 U.S.

898, 904 (U.S. 1986).  The right to travel protects residents of a state from being

disadvantaged, or from being treated differently from other similarly situated residents,

simply due to the timing of their migration.  Id.  A state must have a compelling

justification to burden the right to migrate.  Id. at 906.  If the state has a compelling

purpose, it must then choose the least burdensome means of achieving that goal.  Id. at

909.

Doe contends that SORA violates his right to travel because SORA does not

retrospectively apply to Missouri citizens who were convicted of registerable offenses

prior to January 1, 1995 and who resided in Missouri prior to January 1, 1995, but it

retrospectively applies to offenders, like Doe, who were convicted of registerable

offenses before January 1, 1995, but moved to Missouri after January 1, 1995.  As a

result, he argues that he is unconstitutionally disadvantaged as compared to offenders

who already resided in Missouri.  Keathley rebuts this contention by noting that the

factors in subsection (7) that require Doe to register are residentially neutral.  Keathley

argues that any Missouri resident, regardless of the length of his or her residency in

Missouri, would be treated the same as Doe if he or she were required to register as a sex

offender by the law of other states.

Mo. Rev. Stat. § 589.400.1(7) applies to several classes of individuals, among

them, persons convicted of out-of-state crimes that, if committed in Missouri, would

trigger Missouri's registration requirement.  Doe falls into this category because if he had

been convicted in Missouri, he would be required to register under SORA.[5]

_____

[5] Because Doe does not fall into the class of individuals who are or have been required to
register in another state, but whose crimes would not trigger registration if committed in
Missouri, I do not address whether the statute would violate the constitutional right to travel of

Subsection (7) of Mo. Rev. Stat. § 589.400 requires all Missouri residents who were convicted of an offense in another state after July 1, 1979 to register under SORA if the same crime, if committed in Missouri, would require registration. This subsection applies regardless of the offender's residence at the time of the offense. For example, a Missouri resident who traveled to another state and was convicted of an offense that, if committed in Missouri, would require registration would be required to register under subsection (7). Similarly, a non-resident who was convicted of the same offense would be required to register upon moving to Missouri. Thus, it is the out-of-state conviction that triggers the registration requirement, not the residence of the person at the time of its commission.

In this case, Doe was convicted of sexual assault in New Jersey under N.J. Rev. Stat. § 2C:14-2.b (1979).[6] The same conduct would constitute the offense of child molestation under Mo. Rev. Stat. § 566.067.1[7] if committed in Missouri. Doe is therefore required to register under Mo. Rev. Stat. § 589.400(7) for conviction of a crime that, if committed in Missouri, would be a registerable offense. A lifelong Missouri resident

those hypothetical persons. **Additionally, because the Supreme Court of Missouri has not decided whether parts of subsection (7) are void under the Missouri Constitution, I will analyze Doe's right to travel claim under the law as it exists at this time.**

[6] Section 2C:14-2.b. reads "[a]n actor is guilty of sexual assault if he commits an act of sexual contact with a victim who is less than 13 years old and the actor is at least four years older than the victim."

[7] Mo. Rev. Stat. § 566.067.1 provides that a "person commits the crime of child molestation in the first degree if he or she subjects another person who is less than fourteen years of age to sexual conduct."

who was convicted of sexual assault under N.J. Rev. Stat. § 2C:14-2.b would also be required to register under Mo. Rev. Stat. § 589.400(7). Doe has therefore failed to show that under the current version of the statute, Missouri has treated him, as a new arrival, differently than its treats its established residents. As a result, I will dismiss Doe's right to travel claim.

*Due Process*

In Count II of his Complaint, Doe claims that Defendants' actions violate his substantive due process rights under the Fourteenth Amendment to the Constitution of the United States because their acts constitute state action, intentionally taken in direct violation of state law, that shocks the conscience or offends judicial notions of fairness. Doe also claims that Defendants' actions violate his procedural due process rights because they deprive him of a protectable liberty interest without providing any adequate process to challenge the deprivation.

*Substantive Due Process*

The depth of scrutiny applied to due process claims depends on the type of right asserted. A court must analyze encroachments on fundamental rights with strict scrutiny. Doe v. Miller, 405 F.3d 700, 709 (8th Cir. 2005). Substantive due process principles require invalidation of a substantive rule of law if it impinges on liberty interests that "are so fundamental that a State may not interfere with them, even with adequate procedural due process, unless the infringement is 'narrowly tailored to serve a compelling state interest.'" Id. "The doctrine of judicial self-restraint requires us to exercise the utmost

care whenever we are asked to break new ground in this field. It is important, therefore, to focus on the allegations in the complaint to determine how petitioner describes the constitutional right at stake." Collins v. City of Harker Heights, Tex., 503 U.S. 115. 125 (1992). A substantive due process claim requires a "careful description of the asserted fundamental liberty interest." Washington v. Glucksberg, 521 U.S. 702, 721 (1997). Doe has failed to identify and describe any fundamental liberty interest which should be evaluated under a strict scrutiny analysis.

Accordingly, SORA will withstand substantive due process scrutiny if it is rationally related to a legitimate state interest. Miller, 405 F.3d at 714. Keathley has identified several justifications for requiring Doe to register, including preventing sex offenses, not allowing Missouri to become a safe haven for convicted sex offenders seeking to avoid other states' registration laws, and preventing offenders from subverting the purposes of sex offender registration laws. Missouri has a legitimate interest in achieving its stated goals. See id. at 715 ("There can be no doubt of a legislature's rationality in believing that sex offenders are a serious threat to this Nation and that when convicted sex offenders reenter society, they are much more likely than any other type of offender to be re-arrested for a new rape or sexual assault.").

The only question remaining is whether the registration requirement rationally advances Missouri's legitimate interest. The record contains no evidence that the Missouri legislature enacted SORA "based merely on negative attitudes toward, fear of or a bare desire to harm a politically unpopular group." Miller, 405 F.3d at 716; cf.

Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 448 (1985). Rather, Missouri enacted SORA in order to protect children from violence at the hands of sex offenders. J.S. v. Beaird, 28 S.W.3d 875, 876 (Mo. 2000). Under rational basis review, Missouri is free to use such "common sense" regarding the means it uses to achieve its legitimate goals.

*Procedural Due Process*

Before Doe can claim a procedural due process violation, he must identify a liberty interest. Connecticut Dept. of Pub. Safety v. Doe, 123 S. Ct. 1160, 1163 (2003). In Doe, the Court questioned whether the registration requirement of sex offender registration laws deprived registrants of a liberty interest, but then determined it did not need to reach that issue. Id. at 1164–65. Instead, the Court found that because the registrants in that case were unable to show that the facts they sought to establish by way of a hearing were relevant to the statutory scheme, they could not establish a due process violation. Id. at 1165.

In this case, Doe argues that he has a protected liberty interest in not being subjected to the many restrictions Missouri places on registered sex offenders. I need not reach the issue of whether SORA deprives Doe of protected liberty interest because Doe has failed to show that the date he established Missouri residence is a fact he could prove at a hearing that would be relevant to Missouri's requirement that he register. As discussed above, subsection (7) as it is currently enacted applies to all offenders who have been convicted of a crime after July 1, 1979 if the same offense would require registration if committed in Missouri. See Miller, 405 F.3d at 709. Because Doe does

not claim his conviction occurred prior to July 1, 1979, there is no fact that could be shown at a hearing which would be relevant to the statutory scheme.

As a result, I will dismiss Doe's due process claim.

*Sua Sponte Dismissal*

A district court may dismiss a complaint <u>sua sponte</u> under Rule 12(b)(6) after service of process. <u>Smith v. Boyd</u>, 945 F.2d 1041, 1043 (8th Cir. 1991). Although Defendants Neer, Sloan, Banas and St. Charles County, Missouri have not moved to dismiss Doe's Complaint, I will dismiss Doe's federal claims against them for the same reasons I dismiss Doe's federal claims against Defendant Keathley.

*Missouri's prohibition on retrospective laws*

In Count III of his Complaint, Doe alleges violations of the Missouri Constitution. Because I am dismissing Doe's federal claims, I must decide whether, in the interest of justice, I should exercise supplemental jurisdiction over this important question of state law.

The United States Code provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, a district court may decline to exercise supplemental jurisdiction over a claim if "the claim raises a novel or complex issue of State law." 28 U.S.C. § 1367(c)(1).

The Supreme Court of Missouri recently ruled that citizens who are subject to independent federal registration requirements of the Sexual Offenders Registration and Notification Act, 42 U.S.C. § 16901 et seq., are not exempt from registration by virtue of Missouri's constitutional ban on retrospective laws. Doe v. Keathley, No. SC 89727 (Mo. June 16, 2009). That opinion is currently unpublished and subject to revision or withdrawal. Doe argues that the Doe v. Keathley opinion does not dispose of his case because he is not subject to federal registration requirements.

I find that the issue raised in Count III is one of state constitutional interpretation not definitively resolved by Missouri state courts. Whether application of subsection (7) to Doe violates the Missouri Constitution is a novel and important state law question that is best left to the state courts of Missouri to review.

I will therefore decline to exercise supplemental jurisdiction over this important state law issue.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant James Keathley's Motion to Dismiss for failure to state a claim [#96] is **GRANTED** as to Counts I and II.

**IT IS FURTHER ORDERED** that Counts I and II are dismissed with prejudice as to all defendants.

**IT IS FURTHER ORDERED** that Count III is dismissed without prejudice as to all defendants.

**IT IS FURTHER ORDERED** that Plaintiff John Doe's motion for partial

summary judgment [#110] is **DENIED as moot**.

Dated this 20th Day of August, 2009.

 

_____

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE